ANTHONY C. BUCCA, ESQ. Town Attorney, Hunter
We acknowledge receipt of your letter stating that your town board is contemplating establishment of a sewer district under the provisions of Town Law, Article 12-A (§§ 209 -209-h), and in which you inquire about the qualifications to sign a petition requesting a referendum on the establishment of the district and the voter qualifications at such a referendum.
Both of those matters are provided for in Town Law, § 209-e, subdivision 3, the pertinent portion of which provides:
 "* * * The proposition submitted must be approved by the affirmative vote of a majority of the owners of taxable real property situate in the proposed district or proposed extended district as shown upon the latest completed assessment-roll of the town, voting on such proposition. A petition requesting a referendum shall be sufficient if signed and acknowledged by the owners of taxable real property situate in the proposed district or proposed extended district, as shown upon the latest completed assessment-roll of said town, in number equal to at least five per cent of the total number of such owners, or by one hundred of such owners, whichever is the lesser. For the purposes of this section, a corporate owner of such taxable real property shall be considered one owner for the purposes of a petition requesting a referendum and shall be entitled to one vote to be cast by an officer or agent of the corporation or other duly authorized person designated by appropriate resolution of such corporation. * * *"
Under the provisions of the statute, owners of real property in the specified area may vote. Being a resident or being a registered voter has no bearing on the qualification. The same qualification applicable to voting is applicable to signing a petition for a referendum.
The portion of the statute quoted above was challenged in court in Matter of Wright, et al. v. Town Board of the Town ofCarlton, et al., 41 A.D.2d 290 aff'd. 33 N.Y.2d 977 (1973). The majority opinion in the Appellate Division was written by Mr. Justice Cardamone, in which the Appellate Division concluded that section 209-e, subdivision 3 of the Town Law was unconstitutional "insofar as it limited the franchise at the referendum to the `owners of taxable real property situate in the proposed district'". The Court of Appeals affirmed "on the opinion of Mr. Justice Cardamone in the Appellate Division", indicating that his opinion was adopted by the Court of Appeals as its opinion. Note that the opinion did not hold improper the right of nonregistered and nonresident property owners or corporate property owners to vote. It merely held unconstitutional the limitation of the franchise to them. It provided that registered voters from the area involved, even though not owners of real property, were entitled to vote.
In our opinion, the voter qualifications are those specified in Town Law, § 209-e, subdivision 3, overlaid with the additional requirement set down by the court that registered voters in the area involved may also vote even though they may not own real property. The qualifications for signing a petition for a referendum are those specified in that same statutory provision. As there has been no judicial determination adding registered voters who are not owners of real property to this group, the addition of registered voters who are not owners of real property is not authorized.